UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR E. BRADSHAW,             Case No. 1:04-cv-667

    Plaintiff,                            Beckwith, C.J.
                                          Black, M.J.

vs.

NOBLE AGENCY, INC., *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) THIS MATTER BE REMANDED TO THE STATE COURT; (2) DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR PARTIAL DISMISSAL AND FOR A MORE DEFINITE STATEMENT (Doc. 2) BE DENIED AS MOOT; (3) DEFENDANT NOBLE AGENCY, INC.'S MOTION TO DISMISS (Doc. 10) BE DENIED AS MOOT; AND (4) THIS CASE BE CLOSED**

Seeking compensatory and punitive damages for breach of an insurance contract, plaintiff Victor E. Bradshaw initiated this action by filing a *pro se* complaint in the Lawrence County (Ohio) Court of Common Pleas against defendants Noble Agency, Inc. ("Noble"), and Allstate Insurance Company ("Allstate") (collectively "defendants").

On September 27, 2004, Allstate filed a Notice removing this action to the district court on the basis of diversity jurisdiction. (Doc. 1). Allstate, a citizen of Illinois, maintains that Noble, a citizen of Ohio, was fraudulently joined by plaintiff, also a citizen of Ohio, to defeat jurisdiction under 28 U.S.C. § 1332. (*See id.* at 2).

On September 28, 2004, Allstate filed a motion to dismiss plaintiff's punitive

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

damages claim and to require plaintiff to provide a more definite statement. (Doc. 2). Allstate contends *inter alia* that the complaint fails to state a punitive damages claim for which relief may be granted, and that the complaint fails to satisfy the requirements for pleadings as set out in Fed. R. Civ. P. 10. (*See id.*)

On December 8, 2004, Noble filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 10). Noble argues that plaintiff failed to allege any facts to show a contractual relationship with Noble and repeats Allstate's assertion that Noble was fraudulently joined in this action solely to defeat diversity jurisdiction. (*Id.*)

In response to Noble's motion, plaintiff sets out the factual allegations on which his claim against Noble is based:

1)  the policy in which all the damage incurred under originated in the Noble Agency office and discussed with Sandy Foster, office Manager.
2)  Taken out in good faith the plaintiff has failed to receive a copy of said policy.
3)  Policy was paid in cash and only at the Noble Agency office
4)  For damages and awards the plaintiff prays for a jury to decide the Percentage of liability Noble Agency Inc. held
5)  Plaintiff also prays for the liability to be, at a minimum, directly And proportionately, to the percentage of monies that they received.

(Doc. 11) (punctuation as in original).

Although plaintiff did not respond separately to Allstate's motion, the undersigned will construe plaintiff's pleading (doc. 11) as responsive to both motions to dismiss.

**DISCUSSION**

Before reaching the substantive issues, the Court must determine whether removal

from state court was proper and whether it has jurisdiction over this action. *See Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 453-54 (6th Cir. 1996). "Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits." *Id.* at 254 (citation omitted).

The Sixth Circuit has recently revisited the standards that apply in determining whether removal on the basis of diversity, as asserted here, was proper:

> When an action is removed based on diversity, we must determine whether complete diversity exists at the time of removal. Indeed, "[d]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." In this regard, a party "seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." Moreover, this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party." All doubts as to the propriety of removal are resolved in favor of remand.

*Boladian v. UMG Recordings, Inc.,* No. 03-2148, 2005 WL 14981, at *2-3 (6th Cir. Jan. 3, 2005) (unpublished) (internal citations omitted). "[T]he burden of proof rests with the party seeking to remove the action to federal court. Furthermore, the motive in joining a party is immaterial to the determination regarding fraudulent joinder." *Boladian,* 2005 WL 14981, at *3 (citation omitted).

Allstate removed this action from state court on the basis of diversity jurisdiction,

-3-

relying upon the statutory provision that "the district courts shall have original jurisdiction of all civil actions ... between citizens of a state and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Section 1332, however, requires "complete" diversity or, in other words, that no plaintiff and no defendant can be citizens of the same state. *See Caudill v. North Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir. 2000).

It is undisputed that both plaintiff and defendant Noble are citizens of Ohio. Thus, this Court lacks jurisdiction under § 1332 unless it can be shown, as argued by Allstate and Noble, that Noble was fraudulently joined in this action. To show that Noble was fraudulently joined, defendants must present sufficient evidence that plaintiff could not have established a cause of action against Noble under state law. *See Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994) (cited in *Boladian, supra,* at *2).

Plaintiff seeks compensatory and punitive damages against Noble for its role in the breach of an insurance contract. In its motion to dismiss, Noble asserts that there is no indication of any contract between plaintiff and Noble. This assertion is insufficient to show that plaintiff could not have established a cause of action against Noble under state law.

For example, the Supreme Court of Ohio has recognized a cause of action for intentional interference with a contract. *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St. 3d 415, 650 N.E.2d 863 (Ohio 1995) (cited in *Heights Driving Sch., Inc. v. Motorists Ins. Co.,* No. 81727, 2003 WL 1759744, at *3 (Ohio Ct. App. Apr. 3, 2003)). The five

elements necessary to succeed on a claim are as follows: (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract; (3) the wrongdoer's intentional procurement of the contract's breach; (4) the lack of justification; and (5) resulting damages. *Heights Driving Sch., Inc.,* 2003 WL 1759744, at *3 (citing *Fred Siegel Co. v. Arter & Hadden,* 85 Ohio St. 3d 171, 707 N.E.2d 853 (1999)).

Plaintiff has alleged facts that, if proven, would show that these elements have been met. He alleged in his response that a contract was discussed and paid for at Noble's office, thus showing existence and knowledge; and that Noble failed to provide him with a copy of the policy, suggesting Noble's role in the procurement in the breach. (*See* doc. 11). In the complaint he alleged that nonpayment under the contract was not justified and described the resulting harm. (*See* doc. 1).

Additionally, Ohio law recognizes that an insurance agency that undertakes to acquire coverage for a customer and fails to do so by fault or neglect is liable to the customer for any resulting damage. *See Stuart v. National Indem. Co.,* 7 Ohio App. 3d 63, 66, 454 N.E.2d 158, 162-63 (Ohio Ct. App. 1982) (and cases cited therein). "Further, such an agency has a duty to exercise reasonable care in advising its customer about the terms of requested coverage." *Id.* (citation omitted).

The facts as alleged by plaintiff suggest that he seeks recovery against Noble for breach of its duties. He states that he discussed his need for coverage with Noble, paid for a policy, never received a copy of the policy, and has suffered damages. (*See* docs. 1, 11).

Because plaintiff is proceeding *pro se,* the Court liberally construes the allegations

in his favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers).

When all factual disputes and ambiguities are resolved in his favor, *see Alexander*, 13 F.3d at 949, it appears that plaintiff has presented a colorable basis for recovery against Noble.  Accordingly, Allstate has not met its burden of proving that the joinder of Noble was fraudulent.

Because complete diversity does not exist, removal was improper and this action must be remanded to the state court.

## IT IS THEREFORE RECOMMENDED THAT:

1. This matter be **REMANDED** to the Lawrence County Court of Common Pleas;

2. Defendant Allstate Insurance Company's motion for partial dismissal and for a more definite statement (doc. 2) be **DENIED as moot**;

3. Defendant Noble Agency, Inc.'s motion to dismiss (doc. 10) be **DENIED as moot**; and

4. This case be **CLOSED**.


Date:  3/15/05              s/Timothy S. Black
                            Timothy S. Black
                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR E. BRADSHAW,            Case No. 1:04-cv-667

    Plaintiff,                        Beckwith, C.J.
                                         Black, M.J.
vs.

NOBLE AGENCY, INC., *et al.*,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court. This period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).